1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                   FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7   JOHN C. HERNANDEZ,                )
                                      )   02:09-cv-01418-GEB-EFB
8               Plaintiff,            )
                                      )   ORDER IMPOSING SANCTIONS; NO
9          v.                         )   RESPONSE TO OSC; SETTING
                                      )   STATUS CONFERENCE AND RULE
10  AMERICAN HOME MORTGAGE            )   4(M) NOTICE
    SERVICING,INC.; AMERICAN          )
11  BROKERS CONDUIT; AHMSI DEFAULT    )
    SERVICES, INC.; MORTGAGE ELECTRONIC)
12  REGISTRATION SYSTEMS, INC.;       )
    DEUTSCHE BANK NATIONAL TRUST      )
13  COMPANY; GOLDEN FINANCIAL         )
    CONSULTING, INC. DBA; AMERICAN    )
14  RIVER HOME LOANS, INC.;JAMES      )
    PINK YORK, II; RAYMOND MCCOY;     )
15  GURMIT SINGH; DOUGLAS TODD CECIL, )
                                      )
16                                    )
                Defendants.           )
17  _____)

18          Plaintiff and his lawyer, Jonathan Stein ("Stein"), were

19  issued an Order to Show Cause ("OSC") in an order filed August 14,

20  2009, which required them to explain why sanctions should not be

21  imposed because of Plaintiff's failure to file a timely status report.

22  Since no timely status report was filed, the status conference was

23  rescheduled to October 19, 2009, and Plaintiff was required to file a

24  status report no later than fourteen days prior to the October 19

25  status conference.

26          Stein declares in response to the OSC that he did not find

27  "a [paper] notice of the Status Conference" and "must have either

28  deleted [the electronic notice regarding the status report] or it went

                                      1

to [his] spam filter." (Stein Decl. ¶¶ 2-3.) Stein also declares "all blame lies with [him] . . . and assures the court this will not come up again." (Stein Decl. ¶ 4.) Stein, however, failed to timely file a status report fourteen days prior to the second status conference now scheduled for October 19, 2009, as required by the August 14, 2009 Order.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . . Disregard of the order would undermine the court's ability to control its docket . . . and reward the indolent and the cavalier." Johnson v. Mammoth Recreations, Inc. 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotations omitted); see also Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanction of lawyer for failure to attend a settlement conference because **"the date 'slipped by him'"**) (emphasis added). "The cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure . . . ." Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241, 1244 (9th Cir. 1998).

Since Stein failed to file a timely status report even after he said in response to the OSC that the matter of filing a status report late "will not come up again," it appears Stein has not devised a calendaring system capable of assuring he will file documents when they are due. (Stein Decl. ¶ 4.) Since Stein's response to the OSC is insufficient to avoid imposition of a sanction, a sanction will be imposed. Therefore, Stein is sanctioned four hundred dollars ($400.00) for his failure to timely file a status report. This sanction shall be paid to the Clerk of this Court within ten (10) days

from the date on which this Order is filed by a check made payable to the "United States Treasury."  Proof of payment shall be sent to the undersigned judge's chambers within five (5) days of payment.  This sanction is personal to counsel or his law firm and shall not be transmitted to Stein's client.

Further, since Plaintiff also failed to file a status report on October 5, 2009, as required by the August 14, 2009 Order, Plaintiff and Stein are Ordered to Show Cause ("OSC") in a writing to be filed on later than 4:00 p.m. on November 2, 2009, why sanctions should not be imposed against Plaintiff and/or Stein under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report.  The written response shall also state whether Plaintiff or Stein is at fault, and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on November 16, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements set forth in the May 22, 2009 Order, a status report shall be filed no later than fourteen days prior to the status conference.

Also, Plaintiff shall show cause in a writing to be filed later than 4:00 p.m. on November 2, 2009, why this action should not be dismissed because of Plaintiff's failure to comply with two orders requiring that a status report be filed. Lastly, the Doe defendants are dismissed, since timely justification has not been filed

---

[1]    "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

warranting Doe defendant allegations remaining in this case.  The
caption has been changed to reflect this dismissal.

Dated:  October 8, 2009


_____
GARLAND E. BURRELL, JR.
United States District Judge