IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JOHN C. HERNANDEZ,                      )
                                        )
            Plaintiff,                  )  2:09-cv-01418-GEB-EFB
                                        )
      v.                                )  ORDER DISMISSING PLAINTIFF'S
                                        )  FEDERAL CLAIMS AND DECLINING
AMERICAN HOME MORTGAGE SERVICING,       )  EXERCISE OF SUPPLEMENTAL
INC.; AMERICAN BROKERS CONDUIT;         )  JURISDICTION OVER PLAINTIFF'S
AHMSI DEFAULT SERVICES, INC.;           )  STATE CLAIMS*
MORTGAGE ELECTRONIC REGISTRATION        )
SYSTEMS, INC.; DEUTSCHE BANK            )
NATIONAL TRUST COMPANY; RAYMOND         )
MCCOY; GURMIT SINGH; DOUGLAS TODD       )
CECIL, and DOES 1-20 inclusive,         )
                                        )
            Defendants.                 )
_____)
```

On February 4, 2010, Plaintiff filed a statement of non-opposition to "Defendants' Motion to Dismiss the TILA and RESPA Causes of Action from Plaintiff's First Amended Complaint ["FAC"] and respectfully request[s] that these Causes of Action be dismissed without prejudice." (Non-Opp'n 1:22-2:1.) Therefore, Plaintiff's TILA and RESPA claims are dismissed without prejudice.

Since this dismissal terminates all federal claims in Plaintiff's FAC, the Court decides whether it will exercise supplemental jurisdiction over Plaintiff's state claims. Under 28

---

* This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "all claims over which it has original jurisdiction" have been dismissed. "While discretion to decline . . . supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966). <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

"Since state courts have the primary responsibility to develop and apply state law, . . . the <u>Gibbs</u> values do not favor exercise of supplemental jurisdiction over [Plaintiff's] state claims . . . ." <u>Anderson v. Countrywide Fin.</u>, No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009); <u>see also</u> <u>Acri</u>, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims) (internal quotations and citations omitted). Therefore, Plaintiff's remaining state law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

Dated: March 11, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge